# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ERIC LEE FELDER, | : | MOTION TO VACATE |
| BOP ID 94537-071, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:16-CV-1026-SCJ-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
| Respondent. | : | 1:14-CR-95-SCJ-CMS |

## FINAL REPORT AND RECOMMENDATION

In 1997, a jury sitting in the United States District Court for the District of South Carolina convicted Eric Lee Felder for violating 18 U.S.C. § 922(g)(1).  *See United States v. Felder*, No. 5:96-CR-748 (D.S.C. Feb. 10, 1997) ("*South Carolina Case*")(Doc. 10 therein) (available on www.pacer.gov).  In light of Felder's three prior convictions in state court in South Carolina, the district court sentenced Felder under the Armed Career Criminal Act ("ACCA") to a 180-month term of imprisonment and a 60-month term of supervised release.  *Id.* (Doc. 26 therein (sentence); Doc. 55 therein at 2 (listing prior convictions)).

In 2010, Felder was released from prison.  Shortly thereafter, he violated the terms of his supervised release by testing positive for drugs, for

which he was continued on supervised release.  *See id.* (Docs. 46 & 47 therein).

In 2014, jurisdiction over Felder's supervised release was transferred from the District of South Carolina to this Court.  *See* (Doc. 1).  After Felder admitted additional violations, this Court revoked the remainder of his supervised release and sentenced him to a 34-month term of imprisonment.  *See* (Docs. 5 & 6).

Felder did not appeal, and he is at present incarcerated in the District of South Carolina, with a scheduled release date in August 2016.  *See* https://www.bop.gov/inmateloc/ (last viewed April 1, 2016; searched for BOP ID 94537-071).

In March 2016, Felder filed in this Court and in the District of South Carolina parallel motions pursuant to 28 U.S.C. § 2255.  *See* (Doc. 7); *see also South Carolina Case* (Doc. 55 therein).  The gist of Felder's § 2255 motions is that the District of South Carolina imposed a sentence in excess of the maximum permitted by law because the three state court convictions that the district judge relied upon to sentence him as an armed career criminal under ACCA were not qualifying predicates in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

This argument should be addressed to and decided by the District of South Carolina, which made the determination that Felder is an armed career criminal within the meaning of ACCA. This approach is consistent with the text of § 2255 which directs prisoners "claiming the right to be released upon the ground . . . that the sentence was in excess of the maximum authorized by law" to "*move the court which imposed the sentence* to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (emphasis added). It is also consistent with the principle that a defendant may not challenge an underlying sentence in the context of the revocation of his supervised release, *see, e.g., United States v. White*, 416 F.3d 1313, 1316 (11th Cir. 2005), because "[a] sentence is presumed valid until vacated under § 2255," *United States v. Almand*, 992 F.2d 316, 317 (11th Cir. 1993).

Because Felder has already filed a parallel § 2255 motion in the District of South Carolina, *see South Carolina Case* (Doc. 55 therein), the undersigned concludes that dismissal rather than transfer better serves the interests of justice and therefore **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE** while Felder pursues relief in the District of South Carolina. *See* 28 U.S.C. § 1406(a).

3

The undersigned further **RECOMMENDS** that a Certificate of Appealability be **DENIED** because Felder does not meet the requisite standards. See *Slack v. McDaniel*, 529U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 4th day of April, 2016.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE